

**ORIGINAL**

**FILED**

04/07/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: AF 06-0377

IN THE SUPREME COURT OF THE STATE OF MONTANA

AF 06-0377

FILED

APR 0 7 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

IN THE MATTER OF RULES FOR
PUBLIC ACCESS TO THE TRIAL COURT          O R D E R
PUBLIC RECORD PORTAL

The Supreme Court's Commission on Technology drafted and provided to this Court for its consideration proposed Rules for Access to the Trial Court Public Record Portal. On April 5, 2022, this Court considered the proposed rules at a Public Meeting, during which time it invited comments and questions from interested parties and members of the public recording the Commission's proposed rules.

Having considered the Commission's proposed rules and the discussion had at the public meeting,

IT IS ORDERED that the Rules for Access to the Trial Court Public Record Portal, attached to this Order, are ADOPTED, effective immediately.

This Order and the attached rules shall be posted on the Court's website. In addition, the Clerk is directed to provide copies of this Order and the attachment to the Clerk of each District Court of the state of Montana, the Supreme Court Administrator, who shall serve each of the Judges of the Courts of Limited Jurisdiction and each Juvenile Probation Officer, the Chair of the Commission on Courts of Limited Jurisdiction, the Presidents of the Clerk of Court's Association for the Clerks of the District Courts and the Clerks of the Courts of Limited Jurisdiction, the State Law Library, Todd Everts, Shana Harrington, and Karl Krempel at Montana Legislative Services, Bethany Ahrens at Thomson Reuters, Patti Glueckert and the Statute Legislation department at LexisNexis, and to the State Bar of Montana, with the request that the State Bar provide notice of the revised Rule on its website and in the next available issue of the *Montana Lawyer*.

DATED this 7th day of April, 2022.

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

# RULES FOR ACCESS TO THE TRIAL COURT PUBLIC RECORD PORTAL

## Section 1.00 - Purpose of these Rules

These rules provide policy guidance for the use of the Full Court Enterprise portal that provides public access to records filed with district court and courts of limited jurisdiction. These rules are not intended to address access to official court records available through local Clerks of Courts' offices. Access to official court records is governed by statute and court orders. Best practice guides for searching and using the public portal, including links to the appropriate local court, are available at courts.mt.gov. The public portal is intended to:

(a) Maximize accessibility to court records,
(b) Support the role of the judiciary,
(c) Promote governmental accountability,
(d) Contribute to public safety,
(e) Protect individual privacy rights and interests,
(f) Make most effective use of court and clerk of court staff,
(g) Provide excellent customer service, and
(h) Not unduly burden the ongoing business of the judiciary.

## Section 2.00 - Who Has Access under these Rules

Every member of the public will have the same access, at no cost, to the trial court public portal as deployed by the Office of Court Administrator under the direction of the Commission on Technology. The COT recognizes the rules will need to change as more courts use e-filing and different technologies become available to increase the type of information available in a centralized public portal.

## Section 3.00 - Definitions

For purposes of these rules:
(a) "Public Portal" is a web-based searchable case index, which provides the case number, case type, party names, and the name of the court in which the case is filed. The public portal is not the court record.
(b) "Court record" includes:
(1) Any document, information, or other item that is collected, received, or maintained in the official case file by a court or clerk of court in connection with a judicial proceeding;
(2) Any index, calendar, docket, register of actions, official record of the proceedings, order, decree, judgment, minute, and any information in a case management system created by or prepared by the court or clerk of court that is related to a judicial proceeding; and
(3) Information maintained by the court or clerk of court pertaining to the administration of the court or clerk of court office and not associated with any particular case.
(c) "Court record" does not include:

(1) Notes, drafts and other judicial work product prepared by a judge or for a judge by court staff or individuals working for the judge related to cases before the court when it is not included in the official case file.

(2) Other non-court records maintained by the public official who also serves as clerk of court.

(3) Information gathered, maintained or stored by a governmental agency or other entity to which the court has access, but which is not part of the court record.

## Section 4.00 - Public Access Portal Search Terms

(a) The public access portal shall allow the public to search by court, by name of the party, or by the case number.

## Section 4.10 - General Access Rule

(a) Information in the online public portal is accessible to the public except as prohibited by section 4.30.

(b) There shall be a publicly accessible indication of the existence of information in a court record to which access has been prohibited. The local clerk of court should be contacted regarding questions about records not available in the public access system.

## Section 4.20 - Court Records Subject to Remote Access by the Public

The public portal shall include:

(a) Litigant/party indexes to cases filed with the court;

(b) Listings of new case filings, including the names of the parties;

(c) Register of actions showing what documents have been filed in a case; and

(d) Calendars or dockets of court proceedings, including the case number and caption, date and time of hearing, and location of hearing.

## Section 4.30 - Court Records Exempt From Remote Search Access by the Public

The public portal shall not include:

(a) Cases specifically designated as confidential by statute including, but not limited to, child abuse and neglect cases, adoption cases, paternity cases, and commitment cases;

(b) Cases in which the party is a minor; and,

(c) Cases sealed through order of the court.

## Section 5.00 - How Court Records May Be Accessed

(a) Full case records identified through the public portal will be available for public access in each courthouse during hours established by each court. The public portal will be available for access at least during the hours established by the court for courthouse access, subject to unexpected technical failures or normal system maintenance announced in advance.

(b) Upon receiving a request for access to information, the court will respond within a reasonable time regarding the availability of the information and provide the information within a reasonable time.

(c) Costs associated with providing court records are outlined in statute.

All courts will inform the public of the rules by which the courts will correct, expunge, or update inaccurate information.

## Section 6.0 - Procedure to Correct or Update Inaccurate Information

An individual who believes the public portal contains clerical errors may submit a written request for correction to the court, clerk of court, or other custodian who maintains the record, with a copy served on all parties to the case. The custodian shall respond within 30 days with one of the following:

(a) Correct a clerical error for which no court order is required;

(b) Forward the request to the court to be considered informally; or

(c) Forward the request to the party or participant who submitted the record containing the alleged clerical error who in turn may seek appropriate relief from the court.

Upon forwarding under clause (b), the court may either correct the error on its own initiative or direct that the request will only be considered pursuant to a motion requesting correction. The court direction may also establish appropriate requirements for a motion. The request for correction authorized in the rule need not be exhausted before other relief is requested.